UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

EARL JAMES GOBIN,

          Plaintiff,

    v.

APPLE INC.,

          Defendant.

Case No.  26-cv-03201-VKD

**ORDER SCREENING FIRST AMENDED COMPLAINT AND STAYING SERVICE OF PROCESS**

Re: Dkt. No. 8

For the reasons discussed below, the Court finds that Mr. Gobin's first amended complaint fails to state sufficient facts supporting federal subject matter jurisdiction.  Mr. Gobin may file a second amended complaint that addresses the jurisdictional deficiency identified in this order by **July 6, 2026**.  On amendment, Mr. Gobin may not add new claims or parties without first seeking leave of court.

If Mr. Gobin fails to file an amended complaint in time, or if the amended complaint fails to cure the defect described in this order, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed.

I.    **BACKGROUND**

On April 15, 2026, Earl James Gobin, who is representing himself, filed a complaint against Apple Inc. ("Apple"),[1] seeking damages in connection with an alleged "prolonged Apple

_____

[1] Publicly available records indicate that Mr. Gobin filed a similar lawsuit against Apple in the U.S. District Court for the Northern District of Georgia, which was dismissed shortly before Mr. Gobin filed the present action in this Court.  *See Gobin v. Apple Inc.*, No. 1:25-cv-02295-ELR, 2026 WL 1233845 (N.D. Ga. Feb. 26, 2026); *see also Gobin v. Apple Inc.*, No. 1:25-cv-02295-ELR, Dkt. Nos. 32 (dismissal order) & 33 (judgment).

United States District Court
Northern District of California

Gift Card fraud scheme occurring between September 2023 and December 2023 to date." Dkt. No. 1 at 2.[2] Mr. Gobin alleged that sometime between October 2023 and December 2023, he "was induced by sophisticated third-party fraudsters to purchase Apple gift cards totaling in excess of $25,000." *Id*. at 21.  He further alleged that "[a]t the direction of these actors, [he] transmitted images of the gift cards, after which the balances were immediately and irreversibly redeemed through systems controlled exclusively by [Apple]." *Id*.  Additionally, Mr. Gobin asserted that he is an elderly disabled individual, and that "[a]s a direct result of the sustained emotional distress caused by the fraudulent scheme and [Apple]'s subsequent inaction, [he] experienced a catastrophic deterioration in his health." *Id*. at 1-2, 3.  The complaint sought to hold Apple liable due to Apple's alleged "failure to implement adequate safeguards, despite clear and well-documented knowledge of widespread gift card fraud spanning many decades . . .." *Id*. at 2; *see also id*. at 21.  Mr. Gobin's original complaint appeared to assert claims for (1) negligence, (2) unjust enrichment, (3) "failure to warn/negligent misrepresentation," (4) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq*., (5) "elder abuse/financial exploitation" under California Welfare & Institutions Code § 15610.30, *et seq*., and (6) declaratory and injunctive relief. *See id*. at 30-32.  The complaint sought $600,000 in compensatory damages, plus $600,000 in punitive damages. *See id*. at 33-35.  Stating that he resides in Lilburn, Georgia and that Apple's headquarters are in Cupertino, California, Mr. Gobin asserted federal diversity jurisdiction under 28 U.S.C. § 1332.  He also asserted supplemental jurisdiction under 28 U.S.C. § 1367. *See id*. at 4, 5.

On May 13, 2026, the Court granted Mr. Gobin's IFP application.  Dkt. No. 7.  However, the Court found that Mr. Gobin's complaint did not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and that the complaint did not state any plausible claims for relief. *Id*. The Court gave Mr. Gobin leave to file an amended pleading, stating that "Mr. Gobin may not, on amendment, add new claims or parties without first seeking leave of court." *Id*.

On May 14, 2026, Mr. Gobin filed an amended complaint.  Dkt. No. 8.  The amended

---

[2] Pin cites refer to the page number appearing on the ECF header on filings.

2

pleading alleges that Apple "operates and controls a nationwide digital payment and gift card ecosystem, including account infrastructure, transaction systems, and fraud detection mechanisms associated with Apple Gift Cards." *Id*. ¶ 2. Mr. Gobin further alleges that Apple "represents to consumers that its payment ecosystem includes fraud detection, transaction monitoring, and consumer protection safeguards designed to reduce unauthorized or fraudulent transactions." *Id*. ¶ 3. He says that Apple "voluntarily undertook responsibility for maintaining those safeguards and representing their effectiveness to consumers" and "failed to exercise reasonable care in carrying out that undertaking, resulting in foreseeable fraudulent transactions and direct financial harm." *See id*. ¶¶ 4, 37-39. The amended complaint says that the alleged "fraudulent Apple Gift Card transactions . . . resulted in financial losses exceeding $20,000." *Id*. ¶ 1.

The amended complaint no longer asserts claims for violation of the ADA or for "elder abuse/financial exploitation" under California Welfare & Institutions Code § 15610.30, *et seq*. Nor does the amended complaint assert a claim for "failure to warn/negligent misrepresentation"—at least not in the manner previously asserted in the original complaint.[3] The amended complaint asserts three state and/or common law claims for relief: (1) a new claim for negligent undertaking,[4] (2) a claim for negligent misrepresentation, and (3) a claim for unjust enrichment. *See id*. ¶¶ 21-34.

The amended complaint seeks "compensatory damages in an amount more than $600,000.00," as well as "punitive damages in an amount more than $600,000.00." *Id*. ¶¶ 35, 36. Mr. Gobin also requests "[d]eclaratory relief finding [Apple]'s conduct violated duties owed to [Mr. Gobin]," "[i]njunctive relief requiring enhanced fraud detection and consumer protection safeguards," pre- and post-judgment interest, and costs. *See id*. at 7-8. Stating that he is a citizen of Georgia, and that Apple has its principal place of business in Cupertino, California, Mr. Gobin

---

[3] The Court's May 13, 2026 screening order stated that Mr. Gobin's claim for "failure to warn/negligent misrepresentation" "appear[ed] to be a conglomeration of disparate legal theories and/or claims for relief, and it is unclear which claim(s), if any, Mr. Gobin asserts." Dkt. No. 7 at 7.

[4] Mr. Gobin did not first seek leave of court to add the new claim for negligent undertaking, as directed in the Court's May 13, 2026 order.

continues to assert federal jurisdiction based on diversity, 28 U.S.C. § 1332. *Id.* ¶¶ 5-7.

## II.    REVIEW OF AMENDED COMPLAINT

"A federal court must conduct a preliminary screening of any complaint filed by an individual proceeding in forma pauperis." *Castro v. Pascual*, No. 20-cv-01090-BLF, 2020 WL 733127, at *1 (N.D. Cal. Feb. 13, 2020) (citing 28 U.S.C. § 1915(e)(2)(B)). "The screening requirement applies to both prisoners and non-prisoners." *Id.; see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "The court's screening obligation extends beyond the original complaint, as the court 'shall dismiss the case at any time' if it determines that the plaintiff's pleading is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Castro*, 2020 WL 733127 at *1 (quoting 28 U.S.C. § 1915(e)(2)).

Federal district courts have diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332(a). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016). Moreover, the Court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). While Mr. Gobin adequately pleads diversity of citizenship, the Court finds that his amended complaint does not plausibly allege that the amount-in-controversy requirement is met.

"Where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quotation modified; citation omitted). To determine if a complaint meets the amount-in-controversy requirement for diversity jurisdiction, courts apply the "legal certainty" test. Under that test, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Geographic Expeditions*, 599 F.3d at 1106 (legal certainty

United States District Court
Northern District of California

test "means a federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount.") (quotation modified; citation omitted).

Mr. Gobin's amended complaint does not allege a factual basis for his claim to more than $600,000 in compensatory damages. As discussed above, the amended pleading alleges that Mr. Gobin suffered financial losses "exceeding $20,000." The amended complaint does not state by how much Mr. Gobin's losses exceed $20,000, but the $20,000 amount is well below the jurisdictional threshold. Even liberally construing the amended complaint, there are no facts from which it may be reasonably inferred that Mr. Gobin's financial losses exceed $75,000. Nor does the complaint clearly state a factual or legal basis for Mr. Gobin's request for punitive damages based on the claims asserted. *See generally Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226, 1241 (1995) (In Bank) (punitive damages not recoverable for negligent misrepresentation); *see also Meier v. City of Brisbane*, No. 21-cv-05504-DMR, 2022 WL 523327, at *6 (N.D. Cal. Feb. 22, 2022) (punitive damages generally not recoverable for negligence) (citing cases); *see also Watters v. Parviz*, No. 23-35601, 2024 WL 5423073, at *3 (9th Cir. Feb. 21, 2025) (plaintiff's speculation "that 'special and punitive damages could be well into the hundreds of thousands of dollars'" insufficient to meet amount-in-controversy requirement where "the complaint itself contained no allegations that could justify the same."); *Firsov v. United Airlines, Inc.*, No. 5:25-cv-03784-BLF, 2026 WL 891759, at *2 (N.D. Cal. Apr. 1, 2026) (declining to credit damages allegations "plucked out of thin air without any legal foundation.").

Accordingly, the Court finds that Mr. Gobin's amended complaint does not establish federal subject matter jurisdiction.

## III.   CONCLUSION

The Court gives Mr. Gobin a further opportunity to file, by **July 6, 2026**, an amended complaint addressing the defect described above. The amended complaint must include the caption and civil case number used in this order, Case No. 26-cv-03201-VKD, and the words "Second Amended Complaint" on the first page. As noted above, on amendment, Mr. Gobin may not add new claims or parties without first seeking leave of court.

Service of process is stayed, pending review of any further amended complaint.

**IT IS SO ORDERED.**

Dated: June 15, 2026

Virginia K. DeMarchi
United States Magistrate Judge